IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| HEINZ KETTLER GMBH & CO., KG and KETTLER INTERNATIONAL, INC.<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>INDIAN INDUSTRIES, INC. d/b/a ESCALADE SPORTS<br><br>and<br><br>SEARS, ROEBUCK & CO.<br><br>　　　　Defendants.<br><br>INDIAN INDUSTRIES, INC. d/b/a ESCALADE SPORTS<br><br>　　　　Counterclaim Plaintiff,<br><br>　v.<br><br>HEINZ KETTLER GMBH & CO., KG and KETTLER INTERNATIONAL, INC.<br><br>　　　　Counterclaim Defendants. | Civil Action No. 2:08cv168 |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO STAY CLAIMS AGAINST SEARS**

　　　　Plaintiffs and Counterclaim Defendants HEINZ KETTLER GMBH & CO., KG and KETTLER INTERNATIONAL, INC. (hereinafter collectively referred to as "KETTLER" or "Plaintiffs") offer this Memorandum in Opposition to Defendants' Motion to Stay the patent infringement claim against Defendant Sears, Roebuck & Co. ("Sears"). Because Defendants' position finds no support in the law, the motion to stay should be denied.

I.  **FACTUAL AND PROCEDURAL HISTORY**

KETTLER filed this lawsuit against Indian Industries Inc. d/b/a Escalade Sports ("Escalade") and Sears on April 9, 2008.  The Complaint alleges a claim for patent infringement against Escalade and Sears.  This claim arises out of the manufacture and sale of table tennis tables that infringe upon U.S. Patent No. 6,990,910 (the "'910 patent"), which is directed to a table-tennis table comprised of two halves with the ability to move each half from the vertical (storage or playback) position to the horizontal ready-for-play position.  KETTLER owns this patent.  The Complaint also alleges claims of federal and common law trade dress infringement against Escalade.

Defendants now move (Docket No. 13) for a stay of the claim against Sears, and have filed a memorandum in support of that motion (Docket No. 14).  Escalade answered the Complaint and asserted a Counterclaim against KETTLER for tortious interference, and Sears has moved for an extension of time to file its answer or other responsive pleadings.

II.  **ARGUMENT**

Defendants base their motion to stay on the following argument:  because Sears is a "mere customer" of Escalade, Sears' infringement is derivative of Escalade's infringement and therefore the claim against Sears should be stayed pending resolution of the case between KETTLER and Escalade.  In other words, Defendants argue that in any case where a patentee sues a manufacturer and a retail seller for patent infringement, the case against the retail seller should be stayed because the real fight is between the patentee and the manufacturer.  This assertion is incredible and flies in the face of established patent practice.  In support of this assertion, Defendants rely on the so-called "customer suit exception," which, as Defendants' own authorities bear out, is completely inapplicable to the case at hand.

Each and every case Defendants cite concerns a fact pattern that is far different than this case. Those cases concern a situation in which a patentee sues a customer—and only a customer rather than the customer *and* the manufacturer—for patent infringement in one jurisdiction. That customer presumably notifies the manufacturer of the claim and demands defense and indemnity. The manufacturer then files a separate action against the patentee in a different jurisdiction seeking a declaration of invalidity or non-infringement. Under this scenario or a similar scenario, some courts have held that the first action may be stayed pending resolution of the second action. This is so for purposes of judicial economy.[1] It is important to note that every case the Defendants cite involves two actions pending concurrently in separate jurisdictions.

With an understanding of the proper factual setting, the "customer suit exception" makes some sense because it is an exception to the first-filed rule, not an exception to the general rule that a patent holder may sue anyone who makes or sells an infringing device. *See, e.g.*, *Am. Acad. of Science v. Novell, Inc.*, 24 U.S.P.Q.2d 1386 (N.D. Cal. 1992) (cited in Defendant's Memorandum in Support at 3) ("The customer suit exception typically arises when related patent infringement actions are pending in different jurisdiction, the first brought by a patent owner against the customer of a manufacturer, and the second filed as a declaratory relief action by manufacturer against the patent owner."); *A.P.T., Inc. v. Quad Envtl. Techs. Corp.*, 698 F. Supp.

---

[1] For instance, suppose a manufacturer is selling its infringing devices to four "mere customers," who are then reselling the devices to the end-user consumer. If the patentee only sued one of those "mere customers," for infringement, any finding of infringement would be binding only against that particular defendant. Three more suits would be necessary to vindicate the entire universe of infringement. However, if the manufacturer filed a declaratory action while the first suit was pending, the resolution of that one action would promote judicial economy by cutting off the head of the infringing beast rather than hacking away at individual limbs. This scenario is unlike the present case because KETTLER has sued the manufacturer and the customer in one action. Moreover, as KETTLER alleges in its Complaint, it is believed that Sears is the exclusive reseller of Escalade's infringing products. In other words, to continue the metaphor, this infringing beast is believed to have only one limb. Accordingly, no judicial economy concerns exist.

3

718, 721 (N.D. Ill. 1988) (cited in Defendants' Memorandum in Support at 2) ("An exception to the first-filed rule has been applied by some courts giving priority to second-filed declaratory judgment actions by manufacturers when the first-filed action was against "mere customers.""). Moreover, many of the cases Defendants cite actually result in the court denying a motion to stay. Unfortunately, Defendants chose not to mention these basic, important facts.

Unlike the cases that apply the customer suit exception, this case does not involve a suit against only a customer, but rather involves a suit against a manufacturer and a customer.[2] Similarly, there is no related case pending in another jurisdiction. KETTLER is unaware of any case that has applied the customer suit exception outside of the narrow factual context of an initial suit filed against a "mere customer" and then a subsequent suit filed in a separate jurisdiction. Indeed, one district court within the Fourth Circuit denied a "customer suit exception" motion to stay in a case where the facts were somewhat similar to the case at hand. In *Cherdak v. The Stride Rite Corp.*, 396 F. Supp. 2d 602 (D. Md. 2005), the plaintiff had filed two patent infringement suits—one against a "mere reseller" and one against a distributor—in the *same jurisdiction*. The court granted a motion to consolidate the two cases—resulting in a case that mirrors this case—but denied the reseller's motion to stay because the customer suit exception did not apply when there was not a related suit in another forum. *Id*. at 604-05 ("The customer suit doctrine is an exception to the general rule that as between two simultaneous and potentially duplicative lawsuits, the first-filed should be allowed to proceed. . . . [T]he customer suit exception is predominantly a choice-of-forum doctrine. Most customer suit cases involve the question of whether a district court should enjoin a second proceeding in another jurisdiction."); *see also Tegic Comms. Corp. v. Bd. of Regents of Univ. of Tex. Sys.*, 458 F.3d

---

[2] KETTLER does not grant the premise that Sears qualifies as a "mere customer," but assumes it to be true for purposes of this motion. Only discovery will reveal the relationship between Escalade and Sears.

1335, 1343 (Fed. Cir. 2006) ("The customer suit exception is an exception to the general rule that favors the forum of the first-filed action . . . "); *Alke V.B. v. White Co.*, Case No. 3:08cv88, 2008 U.S. Dist. LEXIS 46760, at *8 (W.D.N.C. June 13, 2008) (stating that the customer suit exception is an exception to the first to file rule and applies only when the "initial suit" is against the "mere reseller").

### III.     CONCLUSION

Because Defendants rely upon a doctrine that is completely inapplicable to this case, Defendants' motion to stay the claim against Sears should be denied.

Respectfully submitted,

HEINZ KETTLER GMBH & CO., KG and
KETTLER INTERNATIONAL, INC.


By:     /s/ E. Kyle McNew
                Of Counsel

John C. Lynch, Esquire (VSB # 39267)
E. Kyle McNew, Esquire (VSB # 73210)
TROUTMAN SANDERS LLP
150 West Main Street, Suite 1600
Norfolk, VA 23510
Telephone:  (757) 687-7765
Facsimile:  (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: kyle.mcnew@troutmansanders.com

   *Attorneys for Plaintiffs and Counterclaim Defendants*
   *Heinz KETTLER GmbH & Co., KG. and KETTLER International Inc.*

## CERTIFICATE OF SERVICE

I hereby certify this 13th day of August, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

**Counsel for Defendants and Counterclaim Plaintiff**
Stephen E. Noona
Kristan B. Burch
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com
kbburch@kaufcan.com

Charles J. Meyer (pro hac vice)
Woodard, Emhardt, Moriarty, McNett &Henry LLP
111 Monument Circle, Ste. 3700
Indianapolis, IN 46204
Telephone: (317) 713-4934
Facsimile: (317) 637-7561
cjmeyer@uspatent.com

    /s/ E. Kyle McNew
E. Kyle McNew, Esquire (VSB # 73210)
Counsel for Plaintiffs and Counterclaim Defendants
TROUTMAN SANDERS LLP
150 West Main Street, Suite 1600
Norfolk, VA 23510
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: kyle.mcnew@troutmansanders.com

366638_1.DOC